IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WHITNEY BANK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO. 11-0528-KD-N** |
| ) | |
| **CHARLES ANTHONY STUBBS and** ) | |
| **BEVERLY STUBBS,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This action is before the Court on defendants Charles Anthony Stubbs and Beverly Stubbs' motion to stay (Doc. 14) and the response in opposition filed by plaintiff Whitney Bank (Doc. 20). Upon consideration, and for the reasons set forth herein, the motion is DENIED. The deadline for the report of parties' planning meeting has already passed. Therefore, the parties are **ordered** to meet and file their report on or before **January 4, 2012.**

Background

The Stubbs entered into a preconstruction purchase agreement to purchase a condominium and boat slip in a marina. They financed this purchase with a loan from Whitney Bank. The condominium was built but not the boat slip and marina. The Stubbs and other property owners sued the developers in the Circuit Court of Baldwin County, Alabama and the case went to arbitration. The arbitrator's award rescinded the purchase agreements and demanded the developer refund the purchase price. The Circuit Court affirmed the award and entered final judgment in October 2011. Based on this award and judgment, the Stubbs anticipate that they will fulfill the loan commitment to Whitney Bank.

Analysis

The Stubbs argue that "[b]urdening this Court with the present action results . . . in an inefficient use of judicial resources" and that "[t]he interests of all parties are best served by staying the present action until the underlying litigation in Baldwin County, Alabama, is resolved." (Doc.

14, p. 2).   Whitney Bank argues that payment of the "arbitrator's award may result in available funds" for the Stubbs to pay the debt, but that does not resolve the issues before this Court:  The Stubbs' liability on the loan, their counter-claims against Whitney, and their third party complaint against the loan officer.  (Doc. 20).

The Stubbs do not identify the theory of law upon which they base their motion.  They provide no legal argument but instead make only a conclusory statement that this Court should stay this action "until the underlying litigation is resolved" on basis of judicial economy and the interests of the parties.  At best guess, the Stubbs might be making an argument under *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236 (1976) (explaining that when other principles of abstention are not met, abstention may be in order upon consideration of "'(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'") quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221 (1952),  or perhaps under  *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S. Ct. 927 (1983) which among other elements for abstention, added the consideration of whether the rights of the parties would be adequately protected in the state forum.

However, the Court will not engage in further speculation as to the Stubbs' legal theory and will not make their argument for them.  Moreover, as Whitney Bank points out, delay of the litigation is not in its best interests since different claims against different parties are pending in this Court.  Also, the Stubbs state that a final judgment has been entered against the developer in the Circuit Court of Baldwin, County.  Thus, the underlying action appears to have been resolved.

DONE and ORDERED this 20th day of December, 2011.

>s / Kristi K. DuBose
>**KRISTI K. DuBOSE**
>**UNITED STATES DISTRICT JUDGE**